Respondent-appellant Marion County Prosecutor Jim Slagle takes this appeal from the judgment of the Court of Common Pleas of Marion County assessing court costs against Slagle personally in a civil case.
On January 16, 1998, relator-appellee Ron Scheiderer 
Associates ("Relator") filed a mandamus complaint against the Marion County Sheriff, the Marion Municipal Court Judge, and the Marion County Prosecutor in their official capacities. Relator was seeking access to certain public records that the named parties refused to provide. On January 22, 1998, Slagle filed a motion requesting sanctions be imposed against Relator's counsel pursuant to Civ.R. 11 and R.C. 2323.51. Once the parties had provided the requested records, the mandamus complaint was dismissed. However, Slagle continued with his request for sanctions. On July 22, 1998, a hearing was held on the motion for sanctions. On January 26, 1999, the trial court denied Slagle's motions for sanctions. The trial court found that Scheiderer had good cause for naming Slagle in the suit. The trial court then found that the motion for sanctions had been filed in bad faith and attempted to impose court costs on Slagle individually. It is from this judgment that Slagle appeals.
Slagle makes the following assignment of error.
 The trial court erred when it ordered court costs to be paid personally by the prosecuting attorney when the prosecuting attorney was sued in his official capacity for actions taken in good faith and within the scope of his employment as prosecuting attorney.
In this case, the trial court assessed costs against "Defendant Jim Slagle." However, Slagle, as an individual, was not a party to the complaint. He was sued solely in his representative capacity as the prosecuting attorney for Marion County. The court specifically found no violation of Civ.R. 11 or R.C. 2323.51 by Slagle as an attorney. This means that any costs assessed against Slagle must be paid by Marion County since Slagle was sued as a representative of the county. R.C. 2744.07. There is no evidence to support the trial court's findings that Slagle was acting in bad faith or in a manner inconsistent with his position as the prosecuting attorney. Thus, the assignment of error is sustained.
The judgment of the Court of Common Pleas of Marion County is reversed and the cause remanded for further proceedings in accord with this decision.
Judgment reversed and cause Remanded.
SHAW and WALTERS, JJ., concur.